UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES ex rel. BETTY CORDAWAY,<br><br>        Plaintiff,<br><br>    v.<br><br>YOUNG KANG,<br><br>        Defendant. | Case No.  25-cv-11122-LJC<br><br>**ORDER SUMMARILY DENYING MOTION TO STRIKE AFFIRMATIVE DEFENSES**<br><br>Re: Dkt. No. 19 |

Relator Betty Cordaway moves to strike several affirmative defenses asserted by Defendant Young Kang on the grounds that the "boilerplate" defenses at issue either are not true affirmative defenses (as opposed to mere denials of liability) or are not alleged with sufficient particularity under the *Iqbal* pleading standard.  ECF No. 19.  For the reasons discussed below, the Court finds that Motion suitable for resolution without further briefing or oral argument, VACATES the hearing noticed for July 14, 2026, and DENIES the Motion without prejudice.[1]

> Rule 12(f) of the Federal Rules of Civil Procedure provides that a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) ([citation omitted]). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1106 (C.D. Cal. 2008). "Ultimately, whether to grant a motion to strike lies within the sound discretion of the district court." *Nguyen v. CTS Elecs. Mfg. Sols. Inc.*,

---

[1] The parties have consented to the jurisdiction of a magistrate judge for all purposes under 28 U.S.C. § 636(c).

No. 13-CV-03679-LHK, 2014 WL 46553, at *3 (N.D. Cal. Jan. 6, 2014) (citing *Whittlestone*, 618 F.3d at 973).

*Pollock v. Fed. Ins. Co.*, No. 21-cv-09975-JCS, 2022 WL 912893, at *5 (N.D. Cal. Mar. 29, 2022); *see also Well v. County of Alameda*, No. 25-cv-01894-LJC, 2025 WL 1223553, at *1 (N.D. Cal. Apr. 28, 2025).

"Motions to strike rarely meet the burden required." *Means v. Dietrich*, No. 5:15cv49-MW/GRJ, 2015 WL 13376681, at *1 (N.D. Fla. Sept. 21, 2015) (cleaned up); *see also Lapena v. Las Vegas Metro. Dep't*, No. 2:21-cv-02170-JCM-NJK, 2022 WL 479496, at *1 & n.3 (D. Nev. Feb. 16, 2022) (addressing the high burden for such motions).

Courts in this district have "previously declined to strike affirmative defenses where doing so 'would not in any way limit the "expenditure of time and money that must arise from litigating" the case' and granting the motion to strike 'would be "an empty formalism."'" *Ely Holdings Ltd. v. O'Keeffe's, Inc.*, No. 18-cv-06721-JCS, 2019 WL 4071028, at *1 (N.D. Cal. Mar. 5, 2019) (quoting *Perez v. Banana Republic, LLC*, No. 14-cv-01132-JCS, ECF Doc. No. 46 (N.D. Cal. Oct. 10, 2014) (in turn quoting *Whittlestone*, 618 F.3d at 973; *Hernandez v. Balakian*, No. CV-F-06-1383 OWW/DLB, 2007 WL 1649911, at *9 (E.D. Cal. June 1, 2007))).

To the extent Relator asserts that Defendant's first, sixth, seventh, ninth through sixteenth, nineteenth, and twentieth affirmative defenses are not actually affirmative defenses but instead mere denials of liability or attacks on legal sufficiency of Relator's Complaint, ECF No. 19 at 14–18,[2] Relator has not shown "that striking these defenses would . . . in any way limit the 'expenditure of time and money that must arise from litigating' the case." *Perez*, ECF No. 46 (quoting *Whittlestone*, 618 F.3d at 973). Instead, it appears that litigating the propriety of those purported affirmative defenses would increase such expenditures for no practical purpose, and in the absence of "prejudice to [Relator] . . . striking th[ese] affirmative defense[s would be] an empty formalism." *See Hernandez*, 2007 WL 1649911, at *9.

To the extent Relator challenges Defendant's remaining affirmative defenses as insufficiently alleged, it is *possible* that striking such defenses could reduce the scope of litigation,

---

[2] This Order cites Relator's Motion using page numbers as assigned by the Court's ECF filing system.

United States District Court
Northern District of California

but Relator's motion does not explain how or why that is so. "[T]he moving party in a motion to strike carries the burden and must establish that the matter to be stricken is clearly unrelated to the issues in the case, *and that the matter would prejudice the moving party* if left in the pleading." *Johnson v. Exec. Protective Agency K-9 & Investigative Servs., Inc.*, No. 07CV0570 J (AJB), 2008 WL 11337353, at *2 (S.D. Cal. Sept. 19, 2008) (emphasis added). Here, Relator does not discuss any of the specific affirmative defenses that she moves to strike for failure to provide sufficient factual allegations, much less address what prejudice would result from any specific defense remaining unstricken from Defendant's Answer. *See* ECF No. 19 at 13.

Relator's Motion to Strike is therefore DENIED WITHOUT PREJUDICE, without need for further briefing or a hearing. Counsel for the parties are ORDERED to meet and confer[3] either in person or by videoconference no later than two weeks from the date of this Order regarding: (1) whether Defendant actually intends to pursue each of the affirmative defenses asserted in the Answer; and (2) any prejudice to Relator that might result from such defenses appearing therein. If the parties are unable to reach an agreement to amend the Answer or to allow it to stand, Relator may file a renewed motion to strike articulating the prejudice that she faces from any disputed affirmative defense. *See Cole v. Serra Pac. Mortg. Co.*, No. 18-cv-01692-JCS, ECF No. 28 (N.D. Cal. Nov. 1, 2018).

**IT IS SO ORDERED.**

Dated: June 16, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

[3] The Court notes Relator's representation that Defendant failed to respond to an invitation to meet and confer before Relator filed this Motion. ECF No. 19 at 6. The Court trusts that both parties will comply with this Order to meet and confer.